## MILTON DAIRY CO. v. WILLCUTS, Collector of Internal Revenue.

(District Court, D. Minnesota, Third Division. July 31, 1925.).

No. 1477.

Internal revenue ⊜⟶9—Corporation may not increase invested capital by addition of undivided profits, while carrying on books item representing loss in previous year.

Under Revenue Act 1918, § 326, subd. 3 (Comp. St. Ann. Supp. 1919, § 6336⅞i), corporation may not increase its invested capital by adding thereto earned surplus or undivided profits, and at same time carry on its books item denominated "operating deficit," representing loss incurred in previous year.

At Law. Action by the Milton Dairy Company against L. M. Willcuts, Collector of Internal Revenue for the District of Minnesota. Judgment for defendant.

The Milton Dairy Company, plaintiff, is by this action seeking to recover additional income and excess profits taxes assessed by the Commissioner of Internal Revenue after an audit of plaintiff's returns for the fiscal years 1919 and 1920. Further facts sufficiently appear in the opinion. A recovery was denied.

Ira C. Oehler, of St. Paul, Minn., for Milton Dairy Co.

Lafayette French, Jr., U. S. Atty., of St. Paul, Minn., and T. Ellis Allison, of Washington, D. C., Sp. Atty., Bureau of Internal Revenue, for defendant.

MOLYNEAUX, District Judge. The facts in this case may be stated as follows: In the computation by the taxpayer of its income and excess profits tax for the fiscal year ended February 28, 1918, and the fiscal year ended February 28, 1920, it adopted an invested capital; that upon an audit of the return of the taxpayer the government refused to accept the invested capital set up, but reduced the invested capital of the corporation for the fiscal year 1919 by the sum of $11,489.26, and for the fiscal year of 1920 by the sum of $29,853.03, which amounts were claimed by the taxpayer to be undivided profits or earned surplus; that on February 28, 1917, the company had an operating deficit shown on its books of approximately $70,000, and when it claimed to have earned surplus it still had the same unprovided-for deficit, which was greater than the total alleged earned surplus for the two years in question.

Reduction in invested capital operates to increase taxes. The increase was accordingly assessed and paid, and the correctness of the assessment is now in dispute. The statute involved is Revenue Act of 1918 (40 Statutes at Large, pp. 1057, 1092, and 1093 [Comp. St. Ann. Supp. 1919, § 6336⅞i]):

"Sec. 326. (a) That as used in this title the term 'invested capital' for any year means (except as provided in subdivisions [b] and [c] of this section);

"(1) Actual cash bona fide paid in for stock or shares;

"(2) Actual cash value of tangible property, other than cash, bona fide paid in for stock or shares, at the time of such payment, but in no case to exceed the par value of the original stock or shares specifically issued therefor, unless the actual cash value of such tangible property at the time paid in is shown to the satisfaction of the Commissioner to have been clearly and substantially in excess of such par value, in which case such excess shall be treated as paid-in surplus: Provided, that the Commissioner shall keep a record of all cases in which tangible property is included in invested capital at a value in excess of the stock or shares issued therefor, containing the name and address of each taxpayer, the business in which engaged, the amount of invested capital and net income shown by the return, the value of the tangible property at the time paid in, the par value of the stock or shares specifically issued therefor, and the amount included under this paragraph as paid-in surplus. The Commissioner shall furnish a copy of such record and other detailed information with respect to such cases when required by resolution of either house of Congress, without regard to the restrictions contained in section 257;

"(3) Paid-in or earned surplus and undivided profits; not including surplus and undivided profits earned during the year;

"(4) Intangible property bona fide paid in for stock or shares prior to March 3, 1917, in an amount not exceeding (a) the actual cash value of such property at the time paid in, (b) the par value of the stock or shares issued therefor, or (c) in the aggregate 25 per centum of the par value of the total stock or shares of the corporation outstanding on March 3, 1917, whichever is lowest;

"(5) Intangible property bona fide paid in for stock or shares on or after March 3, 1917 in an amount not exceeding (a) the actual cash value of such property at the time paid in, (b) the par value of the stock or shares issued therefor, or (c) in the aggregate 25 per centum of the par value of the total stock or shares of the corporation outstanding at the beginning of the taxable

year, whichever is lowest: Provided, that in no case shall the total amount included under paragraphs (4) and (5) exceed in the aggregate 25 per centum of the par value of the total stock or shares of the corporation outstanding at the beginning of the taxable year; but

"(b) As used in this title the term 'invested capital' does not include borrowed capital.

"(c) There shall be deducted from invested capital as above defined a percentage thereof equal to the percentage which the amount of inadmissible assets is of the amount of admissible and inadmissible assets held during the taxable year.

"(d) The invested capital for any period shall be the average invested capital for such period, but in the case of a corporation making a return for a fractional part of a year, it shall (except for the purpose of paragraph [2] of subdivision [a] of section 311) be the same fractional part of such average invested capital.

"The average invested capital for the prewar period shall be determined by dividing the number of years within that period during the whole of which the corporation was in existence into the sum of the average invested capital for such years."

Plaintiff's contention is that, under the provision, "(3) Paid-in or earned surplus and undivided profits; not including surplus and undivided profits earned during the year," the net profits for the two fiscal years above referred to should be added to the invested capital, reducing the tax in the sum claimed in the complaint, $1,804.19.

It is clearly provided by the statute that earned surplus or undivided profits constitute invested capital, but in my view the corporation did not have true earned surplus or undivided profits during the years in question. My view of this case is that the plaintiff's contention cannot be sustained and that it violates the spirit and letter of section 326, Revenue Act of 1918 (40 Statutes at Large, pp. 1057, 1092, 1093).

The statute defines what assets shall go to make up "invested capital," at the time of the organization of the company or the inception of business, and an examination of the statute will show that such assets are to be taken at their real value in establishing the "invested capital," and as the corporation proceeds to conduct its business from year to year it may increase its capital stock by adding thereto the net surplus or profits. The question involved is: Did the taxpayer have any earned surplus or undivided profits for the fiscal year ended February 28, 1919, and the fiscal year ended February 28, 1920, which it could add to its "invested capital"?

The statute provided the method of ascertaining invested capital at the organization of the corporation, specifically naming the items to be included and the items permitted would reflect the net assets of the corporation. The "invested capital" established by the corporation at its inception is not in controversy in this case. The controversy arose over the right of the taxpayer to increase the amount of the "invested capital" by the amount of the alleged earned "undivided profits" while it had upon its books the deficit referred to. The government's claim is, not that the earned surplus or undivided profits do not constitute "invested capital," but that the corporation had no true "earned surplus" or "undivided profits" during the years in question. At the time the corporation claimed to have "undivided profits," it had on its books a debit item denominated "operating deficit," which was in excess of the "undivided profits" for the two years in question.

This was a charge against the assets, and reduced the assets in the amount of the debit. In computing its "surplus" of "undivided profits," it failed to take into account such debit. I think the scheme of the statutes is to ascertain the true value of the assets at the inception of the corporation, and to maintain the true value of the assets throughout the duration of the corporation, as the basis of calculating the amount of invested capital on which the tax is to be computed.

The corporation had a fixed invested capital at its inception, which represented the uninflated value of its assets. Only true earned surplus and undivided profits can be included in the computation of "invested capital," and if for any reason the books do not properly reflect the true surplus such adjustments must be made as are necessary in order to arrive at the accurate amount. Holmes on Federal Taxation (1919 Ed.) 728.

In order to do this in the present case, it will be necessary to apply the earnings for the fiscal year 1919, $11,489.26, and the fiscal year 1920, in the sum of $29,853.03, against the $70,000 deficit upon the books.